| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **FOX ROTHSCHILD LLP** <br> Joseph J. DiPasquale, Esquire <br> Michael J. Viscount, Jr., Esquire <br> Martha B. Chovanes, Esquire <br> 1301 Atlantic Avenue <br> Midtown Building, Suite 400 <br> Atlantic City, NJ 08401 <br> Telephone: (609) 572-2227 <br> Facsimile: (609) 348-6834 <br> E-mail:   jdipasquale@foxrothschild.com <br>             mviscount@foxrothschild.com <br>             mchovanes@foxrothschild.com <br><br> *Counsel to the Official Committee of Unsecured Creditors* | |
| In re: <br><br> ALUMINUM SHAPES, L.L.C., <br><br>               Debtor. | Chapter 11 <br><br><br> Case No. 21-16520-JNP |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALUMINUM SHAPES, L.L.C., <br><br>               Plaintiff, <br><br>    v. <br><br> EQUIPMENT DEPOT PENNSYLVANIA, INC. D/B/A EQUIPMENT DEPOT, <br><br><br>               Defendant. | Adv. Pro No. 21-01471-JNP <br><br> Hearing Date: May 24, 2022 <br><br> Hearing time:  11:00 am |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING THE SETTLEMENT BY AND BETWEEN THE COMMITTEE AND EQUIPMENT DEPOT**

The Official Committee of Unsecured Creditors (the "Committee") of Aluminum Shapes, L.L.C. (the "Debtor"), by and through its counsel, Fox Rothschild LLP, has filed a motion with the Court to Approve the Settlement by and between Equipment Depot Pennsylvania, Inc. d/b/a Equipment Depot ("Equipment Depot") and the Committee (the "Motion").

**I.    PRELIMINARY STATEMENT**

Pursuant to a stipulation between the Debtor and the Committee dated November 8, 2021, the Debtor granted the Committee standing to file this adversary proceeding on behalf of the Debtor's estate against Equipment Depot. The Committee instituted this adversary proceeding on November 9, 2021, against Equipment Depot, seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 506(d) and 544, a determination that the claim filed by Equipment Depot against the Debtor's estate is an unsecured claim pursuant to 11 U.S.C. § 506(a)(1), and related relief. The Committee has now reached an agreement to settle the causes of action against Equipment Depot. The settlement was the result of significant negotiations and analysis by the parties to the settlement. The settlement contemplated by the executed Stipulation of Settlement, dated April 4, 2022 (the "Stipulation"), will resolve with certainty all claims against Equipment Depot and provide a benefit for the Debtor's estate, which was otherwise uncertain. A true and correct copy of the proposed Stipulation is attached as **Exhibit "A"** hereto. The Stipulation reached by the Committee and Equipment Depot falls within the range of reasonableness and is fair and in the best interest of the Debtor's estate.

**II.    JURISDICTION AND VENUE**

2

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

2.      The statutory basis for the relief requested herein is Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(a).

## III.    BACKGROUND

3.      The Debtor was an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, inter alia, the swimming pool, trucking, trailer, and outdoor storage industries.

### A.    The Debtor's Bankruptcy

4.      On August 15, 2021, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ *et seq.* (the "Bankruptcy Code") in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

5.      The Debtor continues to manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request has been made for the appointment of a trustee or examiner.

7.      The Official Committee of Unsecured Creditors was appointed by the United States Trustee.

### B.    The Present Adversary Proceeding

8.      Equipment Depot is a corporation that sells, services, and rents industrial equipment.

9.      Prior to the Petition Date, the Equipment Depot rented industrial equipment to the Debtor for use in the Debtor's business.

10. On July 10, 2020, Equipment Depot initiated a collections action in the New Jersey Superior Court, Camden County, Docket No. L-002360-20, for payment of all sums alleged to be due and owing on the underlying debt, among other things, together with interest and costs (the "Pre-Petition Action").

11. On October 15, 2020, a final judgment was entered in the Pre-Petition Action in favor of Equipment Depot and against the Debtor in the amount of $30,039.00 (the "Judgment").

12. Pursuant to New Jersey law, upon its entry, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

13. On July 7, 2021, the Sheriff of Camden County, New Jersey served a levy upon certain known business assets of the Debtor and determined that the total amount due on account of the Claim as of July 1, 2021 was $32,597.00.

14. On September 20, 2021, Equipment Depot filed a proof of claim against the Debtor's Bankruptcy estate ("POC #34).

15. On November 9, 2021, the Committee initiated the instant adversary proceeding against Equipment Depot, objecting to POC #34 pursuant to 11 U.S.C. § 502(d), seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 506(a)(1), 506(d), 544, and 547, and related relief (the "Adversary Proceeding").

C.  **The Settlement with Equipment Depot**

16. The Committee, Equipment Depot, and their respective counsel engaged in settlement negotiations following the filing of the Adversary Proceeding.

17. Equipment Depot acknowledges that it received good and proper service of the complaint in the Adversary Proceeding.

18. Equipment Depot and the Committee desire to enter into the Stipulation to resolve this matter without further litigation.

19. The Committee and Equipment Depot entered into the Stipulation on April 4, 2022.

20. The Committee and Equipment Depot have spent significant time analyzing their respective positions and have concluded that a resolution of the Committee's claims against Equipment Depot, short of potentially protracted litigation, best serves the interests of the Debtor's bankruptcy estate, Equipment Depot, and the Debtor's creditors.

21. Though the Committee believes that it would prevail on the claims against Equipment Depot, the Committee wishes to settle the claims, in order to save both itself and Equipment Depot time and money that would otherwise be spent on litigation of the claims.

22. The proposed settlement ensures a benefit to the Debtor and the Debtor's estate.

23. The Committee and Equipment Depot have negotiated the proposed settlement in good faith. By this Motion the Committee seeks authorization to settle and compromise the claims set forth in the Stipulation.

24. The Committee and Equipment Depot have executed the Stipulation and set forth all material terms before this Court.

    **D.**    **Terms of the Stipulation of Settlement**

25. The terms and conditions of the Stipulation provide, *inter alia*, as follows:

    A.    The background, as stated in paragraphs one (1) through thirteen (13) of the Stipulation, is hereby incorporated into the terms of this Motion.

    B.    The Committee shall file a motion with the Bankruptcy Court for an order approving the Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") and other applicable bankruptcy law. The settlement is evidenced by the Stipulation and the Final Order (defined below) approving the Stipulation, and is being implemented by this Motion and the other pleadings filed by the Committee in support hereof.

C.      "Final Order" shall mean an order approving the Stipulation entered by the Bankruptcy Court that is unstayed and has become final and non-appealable, and is in form and substance reasonably acceptable to Equipment Depot. The "Settlement Effective Date" is a date upon which the order approving the Stipulation becomes a Final Order.

D.      In exchange for the dismissal of the Adversary Proceeding with prejudice and without costs or attorneys' fees, the Committee and Equipment Depot have agreed, among other things, to the following, all as set forth in the Stipulation:

    (1)      POC #34 will be modified and deemed allowed and treated as a general unsecured claim in the amount of $32,597.00 ("Amended POC # 304"), pursuant to 11 U.S.C. § 506(a)(1);

    (2)      No portion of Amended POC #34 will be allowed or treated as a secured claim. The entire claim will be deemed allowed and treated as a general unsecured claim in the amount of $32,597.00;

    (3)      Amended POC #34 will be deemed an allowed general unsecured claim in the amount of $32,597.00 without the necessity of filing an amended proof of claim;

    (4)      The Lien asserted by Equipment Depot will be avoided pursuant to 11 U.S.C. §§ 502(d), 506(a)(1), 506(d), 544, and 547;

    (5)      Equipment Depot will have no claim arising as a result of or in connection with the Judgment against the Debtor's estate other than Amended POC #34 and the rights and remedies attendant thereto or arising in connection therewith; and

        (6)      The Adversary Proceeding will be dismissed by the Committee with prejudice and without costs or attorneys' fees withing ten (10) business days of the Settlement Effective Date.

    E.    Effective on the Settlement Effective Date, the Committee, on behalf of itself and the Debtor's bankruptcy estate, will release and discharge Equipment Depot and various other parties identified in the Stipulation from any and all actions, causes of action, suits, claims and liabilities, known and unknown, arising out of, relating to or based upon, in whole or in part in connection with the facts or circumstances giving rise to the Pre-Petition Action, the Claim, or POC #34, all as set forth in detail and otherwise described in the Stipulation.

    F.    The terms of the Stipulation will be subject to approval of the Bankruptcy Court. If the Final Order is not entered, the Stipulation is null and void.

26.     The summary herein of the terms is intended as a summary only, and all parties in interest are encouraged to read the Stipulation. <u>See</u> **Exhibit "A"** attached hereto.

27.     To the extent that there are any discrepancies between the summary contained herein and the terms contained in the Stipulation, the terms of the Stipulation, as approved by the Final Order, shall control.

28.     The proposed settlement is an arms' length, good faith, and reasoned resolution of the disputes between the Committee and Equipment Depot. Accordingly, the Committee seeks approval of the Stipulation under Federal Rule of Bankruptcy Procedure 9019 and §105 of the Bankruptcy Code. <u>See</u> Certification of Jordan Meyers in Support of Motion.

## IV.    <u>LEGAL ARGUMENT & REQUESTED RELIEF</u>

29.     Federal Rule of Bankruptcy Procedure 9019(a) provides "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

30. "The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." See In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).

31. The Committee seeks approval, pursuant to § 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019, of the settlement of the claims by and between the Committee and Equipment Depot as set forth in the Stipulation.

32. In Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement. The factors outlined by the Supreme Court in Anderson have been uniformly summarized as follows:

 A. the probability of success in the litigation;

 B. the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;

 C. the difficulties, if any, to be encountered in the matter of collection; and

 D. the paramount interest of the creditors.

See Martin, 91 F.3d at 393 (3d Cir. 1996); In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998); In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997); In re Pa. Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); In re Grant Broad. of Philadelphia, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

33. Bankruptcy Rule 9019 authorizes this Court to approve the Stipulation entered into by and between the Committee and Equipment Depot.

34. The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." See Louise's, 211 B.R. at 801; see also In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986).

8

35.     The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities." See In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979).

36.     In making its determination, a court is not to substitute its own judgment for that of the debtor. See Neshaminy Office Bldg., 63 B.R. at 803.

37.     Moreover, it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute. See Grant Broad., 71 B.R. at 396; see also In re A&C Prop., 784 F.2d 1377, 1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986).

38.     Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness."  See Neshaminy Office Bldg., 62 B.R. at 803, quoting In re W.T. Grant Co., 4 B.R. 53, 69 (S.D.N.Y. 1977).

39.     The settlement reached by the Committee clearly falls within the range of reasonableness for purposes of satisfying Rule 9019 criteria. In the present case, the proposed settlement is fair, reasonable, and in the best interest of the Debtor's estate. See Certification of Jordan Meyers in Support of Motion.

40.     Absent the settlement, litigation against Equipment Depot would be costly and time-consuming for both the Debtor's estate and Equipment Depot.  There are also uncertainties in connection with future litigation, including the potential for appeals, which could delay the final determination of the claims against Equipment Depot for a significant period of time.

41.     The Committee and Equipment Depot spent significant time in negotiations and reviewing numerous documents in order to resolve all issues between them.

42.     The proposed settlement resolves the claims in the Adversary Proceeding between the Committee and Equipment Depot with certainty.

43. The settlement falls within a reasonable range of litigation possibilities.

44. In exercising its business judgment, the Committee has determined that the settlement is in the best interest of the Debtor's estate and its creditors and that the uncertainty of continued motion practice and trial will increase the burdens on the Debtor's estate. Id.

45. The Bankruptcy Court need only canvas the issues between the Committee and Equipment Depot to determine that the settlement does not fall below the lowest point in the range of reasonableness, and that the Stipulation should be approved pursuant to Rule 9019 and Section 105 of the Bankruptcy Code.

V.   **CONCLUSION**

**WHEREFORE**, the Committee respectfully requests that the Court enter an order in the form attached approving the Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019, permitting the Committee to execute same and to proceed to effectuate same, including the granting of any releases, and providing such other and further relief as the Court deems just and equitable.

Dated: April 20, 2022         By:   */s/ Joseph J. DiPasquale*
                                    Joseph J. DiPasquale, Esquire
                                    Michael J. Viscount, Jr., Esquire
                                    Martha B. Chovanes, Esquire
                                    FOX ROTHSCHILD, LLP
                                    1301 Atlantic Avenue
                                    Midtown Building, Suite 400
                                    Atlantic City, NJ 08401
                                    Telephone: (609) 572-2227
                                    Facsimile: (609) 348-6834
                                    E-mail:jdipasquale@foxrothschild.com
                                    mviscount@foxrothschild.com
                                    mchovanes@foxrothschild.com
                                    *Counsel to Official Committee of Unsecured Creditors*