# EXHIBIT A

108765474.v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**FOX ROTHSCHILD LLP**
Joseph J. DiPasquale, Esquire
Michael J. Viscount, Jr., Esquire
Martha B. Chovanes, Esquire
1301 Atlantic Avenue
Midtown Building, Suite 400
Atlantic City, NJ 08401
Telephone: (609) 572-2227
Facsimile: (609) 348-6834
E-mail: jdipasquale@foxrothschild.com
       mviscount@foxrothschild.com
       mchovanes@foxrothschild.com

*Counsel to the Official Committee of Unsecured Creditors of Aluminum Shapes L.L.C.*

| | |
|---|---|
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>       Plaintiff,<br><br>v.<br><br>EQUIPMENT DEPOT PENNSYLVANIA, INC. D/B/A EQUIPMENT DEPOT,<br><br>       Defendant. | ADV. PRO. NO.<br>21-01471-JNP |

## STIPULATION OF SETTLEMENT

    THIS STIPULATION OF SETTLEMENT (the "Stipulation") is entered into on this 4th day of April, 2022 (the "Effective Date") by and between Equipment Depot Pennsylvania, Inc.

d/b/a Equipment Depot "Defendant" or "Equipment Depot") and the Official Committee of Unsecured Creditors ("Plaintiff" or "Committee") of Aluminum Shapes, L.L.C. (the "Debtor").

## BACKGROUND

1. The Debtor was an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia,* the swimming pool, trucking, trailer, and outdoor storage industries.

2. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

3. The Committee is the Plaintiff in the instant adversary proceeding. Pursuant to a stipulation between the Debtor and the Committee dated November 8, 2021, the Debtor granted the Committee standing to file the above-referenced adversary proceeding on behalf of the Debtor's estate against Equipment Depot.

4. Equipment Depot is a corporation that sells, services, and rents industrial equipment.

5. Prior to the Petition Date, Equipment Depot rented industrial equipment to the Debtor for use in the Debtor's business.

6. On July 10, 2020, Equipment Depot initiated a collections action in the New Jersey Superior Court, Camden County, Docket No. L-002360-20, for payment of all sums alleged to be due and owing on the underlying debt, among other claims (the "Pre-Petition Action").

7. On October 15, 2020, a final judgment was entered in the Pre-Petition Action in favor of Equipment Depot and against the Debtor in the amount of $30,039.20 (the "Judgment").

8. Pursuant to New Jersey law, upon its entry, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

9. On July 7, 2021, the Sheriff of Camden County, New Jersey served a levy upon certain known business assets of the Debtor and determined that the total amount due on account of the Claim as of July 1, 2021 was $32,597.00.

10. On September 20, 2021, Equipment Depot filed a proof of claim against the Debtor's Bankruptcy estate ("POC #34").

11. On November 9, 2021, the Debtor initiated the instant adversary proceeding against Equipment Depot, objecting to POC #34 pursuant to 11 U.S.C. § 502(d), seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 544 and 547, a determination that POC #34 is an unsecured claim pursuant to 11 U.S.C. § 506(a)(l), a stripping of any lien to the extent that there was one pursuant to 11 U.S.C. § 506(d), and related relief (the "Adversary Proceeding").

12. Equipment Depot acknowledges that it received good and proper service of the complaint in the instant adversary proceeding.

13. The Committee and Equipment Depot desire to enter into this Stipulation to resolve this matter without further litigation.

**NOW THEREFORE,** for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Committee and Equipment Depot agree as follows:

A. The background, as stated above in paragraphs one (1) through twelve (12) is hereby incorporated into the terms of this Stipulation. Notwithstanding the foregoing, however,

this settlement represents a compromise of disputed claims. It is not to be construed as an admission against interest or of liability on the part of the released parties.

B.   On or within three (3) business days of the execution and delivery of this Stipulation, the Committee shall file a motion with the Bankruptcy Court in the above-referenced bankruptcy case (Case No. 21-16520-JNP) for an order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") and other applicable bankruptcy law (the "Settlement Motion"). This Stipulation shall be evidenced and implemented by this Stipulation of Settlement, the Settlement Motion, and the Final Order (defined below) approving this Stipulation. The Settlement Motion shall be in form and substance reasonably acceptable to Equipment Depot prior to being filed.

C.   "Final Order" shall mean an order approving the Stipulation entered by the Bankruptcy Court that is unstayed and has become final and non-appealable, and which is in form and substance reasonably acceptable to Equipment Depot. The "Settlement Effective Date" is a date upon which the order approving this Stipulation becomes a Final Order.

D.   In exchange for the dismissal of the Adversary Proceeding with prejudice and without costs, the parties hereby agree, and the Final Order shall state:

(1) POC #34 will be modified and deemed allowed and treated as a general unsecured claim in the amount of $32,597.00 ("Amended POC #34), pursuant to 11 U.S.C. § 506(a)(l);

(2) No portion of Amended POC #34 will be allowed or treated as a secured claim. The entire claim will be deemed allowed and treated as a general unsecured claim in the amount of $32,597.00;

(3) Amended POC #34 is hereby deemed an allowed general unsecured claim in the amount of $32,597.00 without the necessity of filing an amended proof of claim;

(4) The Lien asserted by Equipment Depot is hereby avoided pursuant to 11 U.S.C. §§ 502(d), 506(a)(l), 506(d), 544, and 547;

(5) Equipment Depot shall have no claim arising as a result of or in connection with the Judgment against the Debtor's estate other than Amended POC #34 and the rights and remedies attendant thereto or arising in connection therewith; and

(6) The instant Adversary Proceeding shall be dismissed by the Committee with prejudice and without costs or attorneys' fees within ten (10) business days of the Settlement Effective Date.

E. Effective upon the occurrence of the Settlement Effective Date, the Committee, on behalf of itself and the Debtor's bankruptcy estate, hereby releases and discharges Equipment Depot, and each of its shareholders, directors, officers, employees, assigns, successors and successors in interest, predecessors in interests, affiliates, subsidiaries, controlling and controlled corporations, representatives, insurers, attorneys and agents, from any and all manner of actions, causes of action, suits, debts, accounts, contracts, agreements, controversies, judgments, damages, claims, liabilities and demands of any nature whatsoever which the Committee, the Debtor or the Debtor's estate ever had, now has, or hereafter can, shall or may have for, upon or by reason of any act, transaction practice, conduct, matter, cause or thing of any kind whatsoever that arose or occurred prior to the date hereof, whether or not now known, including but not limited to any

claims or actions arising out of, relating to or based upon, in whole or in part in connection with the facts or circumstances giving rise to the Pre-Petition Action, the Claim, or POC #34.

F.  The terms of this Stipulation are subject to approval of the Bankruptcy Court. If the Final Order is not entered, this Stipulation is null and void, and the parties shall retain all of their rights and remedies.

G.  This Stipulation may be executed in counterparts, each of which shall be an original and all of which when taken together shall constitute a single agreement with the same effect as if the signatures thereto and hereto were upon the same instrument.

H.  The parties declare, represent, and warrant (i) they have authority to enter into this Stipulation; (ii) the undersigned are authorized to act on their behalf; (iii) all legal requirements for their signatures have been satisfied; and (iv) they have complete power and authority to settle and/or release the claims released herein and have not pledged, transferred or assigned to any third party any such claims or the basis of such claims.

I.  This Stipulation shall inure to the benefit of, and shall be binding upon Equipment Depot, the Committee and the Debtor and its estate, and each of their respective stockholders, members, directors, officers, employees, assigns, successors and successors in interest, predecessors in interest, affiliates, subsidiaries, controlling and controlled corporations, representatives, insurers, attorneys and agents.

J.  This Stipulation shall remain effective in the event that this bankruptcy case is converted to another chapter of the Bankruptcy Code, a trustee is appointed, or a plan is confirmed appointing a trustee or the like.

K.  This Stipulation was drafted mutually and cooperatively by the parties and shall be construed in such light.

L.  This Stipulation constitutes the entire agreement among the parties hereto with respect to the subject matter hereof.

**IN WITNESS WHEREOF** and intending to be legally bound hereby, the parties have hereunto set their hands and seals as of the Effective Date.

| | |
|---|---|
| EQUIPMENT DEPOT PENNSYLVANIA, INC. | OFFICIAL COMMITTEE OF UNSECURED CREDITORS |
| By: _____<br>Michael Hume, Regional Vice-President | By: _____<br>Ajay Raju, Chairperson |

105166074.6

— 7 —