| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **FOX ROTHSCHILD LLP** <br> Joseph J. DiPasquale, Esquire <br> Michael J. Viscount, Jr., Esquire <br> Martha B. Chovanes, Esquire <br> 1301 Atlantic Avenue <br> Midtown Building, Suite 400 <br> Atlantic City, NJ 08401 <br> Telephone: (609) 572-2227 <br> Facsimile: (609) 348-6834 <br> E-mail:  jdipasquale@foxrothschild.com <br>         mviscount@foxrothschild.com <br>         mchovanes@foxrothschild.com <br><br> *Counsel to the Official Committee of Unsecured Creditors* | |
| In re: <br><br> ALUMINUM SHAPES, L.L.C., <br><br>                Debtor. | Chapter 11 <br><br><br> Case No. 21-16520-JNP |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALUMINUM SHAPES, L.L.C., <br><br>                Plaintiff, <br>    v. <br> EQUIPMENT DEPOT PENNSYLVANIA, INC. D/B/A EQUIPMENT DEPOT, <br><br>                Defendant. | Adv. Pro. No. 21-01471-JNP <br><br><br> Hearing Date: May 24, 2022 <br> Hearing time:  11:00 am |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR AN ORDER APPROVING THE SETTLEMENT
<u>BY AND BETWEEN THE COMMITTEE AND EQUIPMENT DEPOT</u>**

105923134.2

The relief set forth on the following pages two (2) and three (3) is hereby **ORDERED**.

Upon consideration of the motion of Plaintiff, the Official Committee of Unsecured Creditors (the "Committee") of Aluminum Shapes, L.L.C. (the "Debtor") for an order approving the settlement by and between the Committee and Equipment Depot Pennsylvania, Inc. d/b/a Equipment Depot ("Equipment Depot") (the "Motion")[1] and any response in opposition thereto; and after notice and opportunity to be heard on the Motion; it is hereby

**ORDERED** as follows:

1. The Motion is **GRANTED** in its entirety;

2. The Stipulation of Settlement by and between the Committee and Equipment Depot attached hereto as **Exhibit A** (the "Stipulation") is hereby **APPROVED**;

3. POC # 34 shall be, and hereby is, modified and deemed allowed and treated as a general unsecured claim in the amount of $32,597.00 ("Amended POC #34), pursuant to 11 U.S.C. § 506(a)(1);

4. No portion of Amended POC #34 will be allowed or treated as a secured claim. The entire claim will be deemed allowed and treated as a general unsecured claim in the amount of $32,597.00;

5. Amended POC #34 is hereby deemed an allowed general unsecured claim in the amount of $32,597.00 without the necessity of filing an amended proof of claim;

6. The Lien asserted by Equipment Depot is hereby avoided pursuant to 11 U.S.C. §§ 502(d), 506(a)(1), 506(d), 544, and 547;

---

[1] Capitalized terms used in this Order but not defined herein shall have the meanings ascribed to such terms in the Motion.

105923134.2

133233547.1

7. Equipment Depot shall have no claim arising as a result of or in connection with the Judgment against the Debtor's estate other than Amended POC #34 and the rights and remedies attendant thereto or arising in connection therewith;

8. Adversary Proceeding Number 21-014671-JNP is **DISMISSED WITH PREJUDICE AND WITHOUT COSTS OR ATTORNEYS' FEES**; and

9. Upon the occurrence of the Settlement Effective Date, Equipment Depot and the other parties set forth in the Stipulation shall be released and discharged by the Committee, on behalf of itself and the Debtor's bankruptcy estate, all as set forth in the Stipulation.

10. The Committee and Equipment Depot are authorized to take all actions necessary to effectuate and consummate the resolution contemplated by the Stipulation, and the execution and delivery of any documents, agreements, or other instruments.

11. This Court shall retain jurisdiction to interpret and enforce the terms of the Stipulation and this Order.